The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CBRE, INC., a Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>HUGHES SEATTLE, INC. d/b/a HUGHES MARINO, INC., a Delaware corporation; OWEN RICE ENTERPRISES, INC., a Washington Corporation; OWEN RICE, an individual, and THE MARITAL COMMUNITY OF OWEN AND BONNIE RICE; and GAVIN CURTIS, an individual<br><br>Defendants. | Case No. 2:17-cv-01127RSL<br><br>TEMPORARY RESTRAINING ORDER |

TERMS OF TRO

1. Counsel for all parties shall cooperate to select a mutually agreeable neutral third-party expert (the "Forensic Neutral") in the greater Seattle area. Defendants Owen Rice and Gavin Curtis ("Individual Defendants") shall immediately deliver to the Forensic Neutral all work and personal flash drives, SD cards, cell phones, computers, tablets, and other external drives used by Individual Defendants since May 1, 2016, that are in Individual Defendants' possession, custody, or control.

2. The Forensic Neutral shall be instructed to create a forensic image of all such devices, to return the devices to Individual Defendants, and to provide a written report of their contents (including deleted information), without identifying or disclosing any confidential, proprietary, trade secret, or personal information, and shall not allow either party to view the

image(s) or documents or the content of documents on those images absent mutual written agreement of the parties or order of the Court or arbitrator.

3. Payment for the costs to be incurred by the Forensic Neutral shall be determined by the Arbitrator in his or her discretion.

4. Any and all discovery in this matter, and any related arbitration, shall be subject to the parties' Stipulated Protective Order, which the parties shall execute and present to the Court before conducting any discovery in this or any related matter. The Forensic Neutral and any arbitrator selected shall also execute and agree to be bound by the Stipulated Protective Order. The Stipulated Protective Order shall survive even after this Order has expired.

5. Individual Defendants shall immediately provide to the Forensic Neutral the login and passwords to cloud-based accounts (*e.g.*, DropBox) created during their employment with CBRE that may have used since May 1, 2016.

6. Individual Defendants shall not access the OneDrive and Dropbox accounts again absent written agreement of the parties or order of the Court or arbitrator. The Forensic Neutral may access these accounts in a manner that preserves the original contents, and may take steps to capture forensic evidence of the accounts. The Forensic Neutral may temporarily change the account password so that it is no longer accessible to Individual Defendants until the arbitrator, the Court, or the parties have agreed otherwise.

7. The Forensic Neutral shall provide counsel for all parties with a report on the contents of the cloud-based storage accounts. Such report shall be subject to the parties' Stipulated Protective Order, and shall indicate the type of item, title/description, file size, creation date, creation location, and last time accessed (other than by the Forensic Neutral). Such report may be shared with only CBRE, Individual Defendants, and Hughes Marino for the sole purpose of identifying CBRE information on the cloud-based storage accounts.

8. Individual Defendants shall immediately provide to the Forensic Neutral the passwords to all email accounts that they have used at any time between May 1, 2017 through the present, including, without limitation gavincurtis1@gmail.com and orice4@gmail.com. Individual Defendants and Hughes Marino shall provide the Forensic Neutral access to

1 | Individual Defendants' Hughes Marino e-mail accounts, specifically owen@hughesmarino.com
2 | and gavin@hughesmarino.com. The Forensic Neutral may access these accounts in a manner
3 | that preserves the original contents, including without limitation all folders such as Inbox, Sent,
4 | Deleted, and Purged, and may take steps to capture forensic evidence of the accounts.

5 |     9.     The Forensic Neutral shall identify the information that is or appears to be CBRE
6 | confidential information stored on Individual Defendants' flash drives, SD cards, cell phones,
7 | computers, tablets, other external drives, and cloud based storage accounts used by the
8 | Individual Defendants since January 1, 2017, and then remove such information to a separate
9 | storage device for the parties or arbitrator to determine whether the information should be
10 | provided to CBRE, to Individual Defendants, or to Hughes Seattle, Inc.

11 |     10.    In accordance with the Civil Rules, the parties shall preserve all data and
12 | documents that relate in any way to CBRE's allegations in this matter, including without
13 | limitation any defenses raised or asserted by Individual Defendants or Hughes Marino.

14 |     11.    Individual Defendants must respond to the written discovery requests attached as
15 | Exhibit 17 to the Declaration of Darren A. Feider within 10 days of the date of this Order, but
16 | no documents shall be produced until the parties have executed the Stipulated Protective Order.

17 |     12.    Individual Defendants shall appear for deposition at the offices of CBRE's
18 | counsel within 14 days of the date of this order, unless otherwise agreed to by CBRE, to be
19 | deposed for not more than two hours each, limited to the topics of (i) the acquisition of CBRE
20 | Information by Defendants and what was done with it, (ii) the presence and use of any CBRE
21 | information or documents by Defendants, (iii) the actions by persons other than the Defendants
22 | involved in items (i) and (ii) above, and (iv) the enforceability of the non-solicitation provisions
23 | in the Individual Defendants' employment or independent contractor agreements. CBRE shall
24 | make a representative available for a similar deposition on the same topics on the following
25 | business day. These depositions shall not count toward the depositions allowed under Fed. R.
26 | Civ. P. 30 or arbitration rules. Hughes Marino shall be entitled to have a legal representative
27 | present at the depositions to lodge any objections and ask further questions.
28

13. Defendants Rice, Owen Rice Enterprises and Curtis are restrained from soliciting any of CBRE's clients whom Defendants Rice and Curtis solicited or with whom Defendants Rice and Curtis dealt or became acquainted during their engagement with CBRE, unless Defendants Rice and Curtis have obtained prior written permission for such solicitation from CBRE's Managing Director, John Miller, which permission shall not be unreasonably withheld. To avoid any doubt or confusion, CBRE shall provide Individual Defendants with a comprehensive list of such clients. This list shall be subject to the parties' Stipulated Protective Order.

14. Defendants Rice, Owen Rice Enterprises and Curtis are restrained from directly or indirectly providing anyone at Hughes Marino with any information regarding any of CBRE's clients whom Defendants Rice and Curtis solicited or with whom Defendants Rice and Curtis dealt or became acquainted while they were employed with CBRE, identified in the aforementioned comprehensive list of clients.

15. Individual Defendants shall not use any confidential or proprietary information or trade secrets of CBRE. Without agreeing that any of the following information constitutes or qualifies as a trade secret, Individual Defendants agree not to use any information contained in CBRE's Research Property Database Warehouse or its Team Job folders, such as research reports, prospective and actual client lists of key decision makers and contact information, brokerage and real estate contracts, stacking plans, BOV's (Broker Opinion of Value), brochure and email templates, photos of lease spaces, marketing plans, marketing materials, market research, market trends and forecasts, market evaluations, valuations, and comparable sales figures, unless such information is publicly available and in such event, shall use the publicly-available version of said information rather than any version that may have been taken from CBRE.

16. Notwithstanding the other provisions of this Order, Individual Defendants may complete work on pending transactions for clients listed in a separate and confidential letter agreed to by Individual Defendants and CBRE. Individual Defendants may only use CBRE information for the sole purpose of completing the pending agreements if CBRE's Managing

Director, John Miller, agrees, in writing, that Individual Defendants may use the information, such agreement shall not be unreasonably withheld, and (i) Individual Defendants agree that no copies of CBRE information will be made, (ii) CBRE's information will not be shared with any third-party, and (iii) CBRE's information will be returned after completion of the pending transaction, Individual Defendants may service on the above-listed client accounts for the sole purpose of completing the pending transactions and shall not solicit these clients for any other potential or future transactions.

17. CBRE will pay Individual Defendants commissions owed in accordance with CBRE Policy 10.12 Payment of Commissions (paragraph D5), except as otherwise provided by applicable law, for the pending transactions for the clients identified in their confidential letter.

18. Defendants shall appear for a preliminary injunction hearing on August 25, 2017 to show cause why this Order should not be continued pending trial on the merits. The parties agree that such hearing shall be canceled once an arbitrator has been selected to adjudicate the merits of the preliminary injunction as to Individual Defendants.

19. In order for this Order to remain in force after August 7, 2017, CBRE shall post a bond in the amount of $50,000.00.

20. The parties agree to stay all proceedings pending arbitration.

DATED this 4th day of August, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge