1

2                                                      The Honorable Robert Lasnik

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE

10

11   CBRE, INC., a Delaware corporation,          No. 2:17-cv-1127

12                        Plaintiff,              [PROPOSED]
                                                  STIPULATED
13          v.                                    PROTECTIVE ORDER

14   HUGHES SEATTLE, INC. d/b/a
     HUGHES MARINO, INC., a Delaware
15   corporation; OWEN RICE
     ENTERPRISES, INC., a Washington
16   corporation; OWEN RICE, an individual,
     and THE MARITAL COMMUNITY OF
17   OWEN AND BONNIE RICE; and
     GAVIN CURTIS, an individual,
18
                          Defendants.
19

20   1.  **PURPOSES AND LIMITATIONS**

21

22          Discovery in this action, and any related actions (e.g., arbitration), is likely to involve

23   production of confidential, proprietary, private, and trade secret information for which special

24   protection may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court

25   to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this

26   Order is consistent with Local Civil Rule 26(c).  It does not confer blanket protection on all

1 disclosures or responses to discovery; the protection it affords from public disclosure and use
2 extends only to the limited information or items that are entitled to confidential treatment under
3 the applicable legal principles, and it does not presumptively entitle parties to file confidential
4 information under seal.

5       The August 4, 2017, Temporary Restraining Order ("TRO") entered by this Court limits
6 discovery to written materials existing as of May 1, 2016 or later. However, unless limited by
7 this Order, the anticipated forensic imaging will recover extensive data, communications and
8 documents from Rice's and Curtis's personal e-mail, cloud storage accounts, and other sources
9 dating back before that time, and will also recover electronic documents, communications,
10 photographs of family and friends, tax returns, financial and banking records, and other data
11 (collectively, "Personal Materials") that have nothing to do with this litigation.

12       Should the Forensic Neutral locate or observe Personal Materials, Rice and Curtis shall
13 be entitled to demand that these Personal Materials not be imaged or produced. The parties
14 recognize that photographs and other digital images may need to be reviewed to ensure that they
15 are Personal Materials. In the event that CBRE does not agree with this demand, the parties'
16 chosen Arbitrator shall perform in camera reviews of some or all of such Personal Materials and
17 shall determine whether any such Personal Materials require imaging.

18       The Arbitrator shall have the authority to assess the costs of the in camera review of
19 Personal Materials to the party who substantially prevails in the process. That is, if he
20 determines that a substantial number of the items at issue consist of Personal Materials and
21 therefore should not be imaged, then CBRE shall pay for all costs of the in camera review.
22 Conversely, if he determines that most of the items at issue do not consist of Personal Materials
23 and therefore should be imaged, then the costs of the in camera review shall be borne by Rice
24 and Curtis.

25       Nothing in this process shall limit any of the parties from objecting to the disclosure or
26 use of any data, materials or communications once imaged. The Arbitrator shall also have the

1  authority to determine whether any data, materials or communications that are imaged should be
2  produced.

3
## 2. "CONFIDENTIAL" MATERIAL
4

5  "Confidential" material shall include the following documents and tangible things
6  produced or otherwise exchanged:

7      a)  materials containing trade secret information that is subject to protection under the
8          Uniform Trade Secrets Act;

9      b)  Bank account numbers, credit card numbers, and other financial information that can
10         be specifically linked to an individual's or entity's financial account;

11     c)  Names of any individuals known to be under 18 years of age;

12     d)  An individual's social security number, personal identification numbers, tax
13         identification number, alien registration number ("A number"), passport numbers,
14         driver license numbers, and any similar identifiers assigned to an individual by a
15         federal/national, state, or local government of the United States or any other country;

16     e)  Any other information which would allow the identification of the particular
17         individual(s) to whom the information relates;

18     f)  Addresses and telephone numbers;

19     g)  Information protected by a written non-disclosure or confidentiality agreement;

20     h)  Information protected from disclosure by any state or federal securities law or
21         regulation;

22     i)  Personal Materials;

23     j)  Correspondence and communications with legal counsel;

24     k)  Correspondence and documents concerning Rice and Curtis's employment or
25         independent contractor relationship with Hughes Marino; and

26     l)  Information protected from disclosure by any court or arbitral order.

1      If a designating party determines that information not described in this paragraph should

2    be designated Confidential Information, the parties shall negotiate the appropriateness of that

3    designation in good faith and endeavor to resolve any dispute prior to the production of that

4    information.  If the parties are unable to resolve the dispute within 14 calendar days, the

5    designating party shall designate the material as containing Confidential Information (using one

6    of the designations below), and then produce it.  The receiving party can then challenge the

7    confidentiality designation(s) pursuant to Section 6 of this Order.

8       Information that is publicly available or is available industry-wide (e.g., through a

9    subscription service) is not considered Confidential Information.

10

11   **3.  SCOPE**

12      The protections conferred by this agreement cover not only confidential material (as

13   defined above), but also (1) any information copied or extracted from confidential material;

14   (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any

15   testimony, conversations, or presentations by parties or their counsel that might reveal

16   confidential material.

17      However, the protections conferred by this agreement do not cover information that is in

18   the public domain, is available industry-wide (e.g., through a subscription service), or becomes

19   part of the public domain through trial or otherwise.

20

21   **4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

22      4.1   Basic Principles. A receiving party may use confidential material that is disclosed

23   or produced by another party or by a non-party in connection with this case only for prosecuting,

24   defending, or attempting to settle this litigation, or any related matter (e.g., arbitration).

25   Confidential material may be disclosed only to the categories of persons and under the conditions

26   described in this agreement. Confidential material must be stored and maintained by a receiving

1 party at a location and in a secure manner that ensures that access is limited to the persons
2 authorized under this agreement.

3      4.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
4 ordered by the court or arbitrator, or permitted in writing by the designating party, a receiving
5 party may disclose any confidential material only to:

6      (a)      the receiving party's counsel of record in this action, as well as employees of
7               counsel to whom it is reasonably necessary to disclose the information for this
8               litigation;

9      (b)      the officers, directors, and employees (including in house counsel) of the
10              receiving party to whom disclosure is reasonably necessary for this litigation,
11              unless a particular document or material produced is for Attorneys Eyes Only or
12              Outside Counsel Eye's Only, and is so designated;

13              i.      Attorneys Eyes Only ("AEO") shall mean that only attorneys working on
14                      this matter, including in-house attorneys who have signed the
15                      "Acknowledgment and Agreement to Be Bound" (Exhibit A), may view
16                      the information so designated.

17              ii.     Outside Counsel Eyes Only ("OCEO") shall mean that only a party's
18                      outside counsel may view the information.

19              iii.    Others, such as experts, arbitrators, and witnesses, may still view
20                      information labeled AEO and OCEO as provided below.

21     (c)      experts and consultants to whom disclosure is reasonably necessary for this
22              litigation and who have signed the "Acknowledgment and Agreement to Be
23              Bound" (Exhibit A);

24     (d)      any mediator or arbitrator (and their staff members) who has been engaged to help
25              the parties resolve this litigation, and who have signed the "Acknowledgment and
26              Agreement to Be Bound" (Exhibit A);

136463198.4

1    (e)    the court, court personnel, and court reporters and their staff;

2    (f)    professional vendors, e.g. persons or entities requested by counsel to provide

3           litigation support services such as document copying, image scanning, document

4           coding, jury and trial consultants, translation services, demonstrative exhibit

5           preparation, or the creation of any computer database from documents, provided

6           that the service provider signs the "Acknowledgment and Agreement to Be

7           Bound" (Exhibit A), and is instructed by counsel upon the service no longer being

8           needed, to immediately return all originals and destroy all copies of any

9           confidential material;

10   (g)    during their depositions, witnesses in the action to whom disclosure is reasonably

11          necessary and who have signed the "Acknowledgment and Agreement to Be

12          Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered

13          by the court. Pages of transcribed deposition testimony or exhibits to depositions

14          that reveal confidential material may be designated Confidential by any party, and

15          those pages may not be disclosed to anyone except as permitted under this

16          agreement;

17   (h)    the author or recipient of a document containing the information or a custodian or

18          other person who otherwise possessed or knew the information.

19   4.3    Filing Confidential Material. Before filing confidential material or discussing or

20   referencing such material in court filings, the filing party shall confer with the designating party

21   to determine whether the designating party will remove the confidential designation, whether the

22   document can be redacted, or whether a motion to seal or stipulation and proposed order is

23   warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

24   standards that will be applied when a party seeks permission from the court to file material under

25   seal.

26

## 5. **DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. The designating party may further state if the material is Attorneys' Eyes Only ("AEO") or Outside Counsel Eyes Only ("OCEO"), as provided below. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly

1    identify the protected portion(s) (*e.g.*, by making appropriate markings in the

2    margins).

3    (b)    Testimony given in deposition or in other pretrial proceedings: the parties and any

4    participating non-parties must identify on the record, during the deposition or

5    other pretrial proceeding, all protected testimony, without prejudice to their right

6    to so designate other testimony after reviewing the transcript. Any party or non-

7    party may, within fifteen days after receiving the transcript of the deposition or

8    other pretrial proceeding, designate portions of the transcript, or exhibits thereto,

9    as confidential.  If a party or non-party desires to protect confidential information

10   at trial, the issue should be addressed during the pre-trial conference.

11   (c)    CBRE Materials. the parties agree that any materials produced by defendants that

12   are or appear to be CBRE materials shall be provisionally designated "OCEO,"

13   but such provisional designation does not prejudice any party's right to later

14   challenge such designation.

15   (d)    Other tangible items: the producing party must affix in a prominent place on the

16   exterior of the container or containers in which the information or item is stored

17   the word "CONFIDENTIAL," along with any additional tag (e.g., AEO).  If only

18   a portion or portions of the information or item warrant protection, the producing

19   party, to the extent practicable, shall identify the protected portion(s).

20   5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

21   designate qualified information or items does not, standing alone, waive the designating party's

22   right to secure protection under this agreement for such material. Upon timely correction of a

23   designation, the receiving party must make reasonable efforts to ensure that the material is

24   treated in accordance with the provisions of this agreement.

25   5.4.    Trade Secrets.  Any Confidential Information disclosed which contains trade

26   secrets or other highly confidential and proprietary information may be designated in writing as

1  "ATTORNEY'S EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY". The term "trade

2  secrets" as used herein means information that derives economic value, actual or potential, from

3  not being generally known to other persons who can obtain competitive advantage or economic

4  value from its disclosure or use.  Trade secrets also means sensitive financial or business

5  information integral to the operations of a producing party for which the producing party has a

6  compelling interest in avoiding disclosure.  Examples of types of information that may be

7  designated as ATTORNEYS EYES ONLY include:  (a) proprietary information containing trade

8  secrets; (b) confidential marketing, financial, and other sensitive commercial information; and/or

9  (c) private personnel records of persons not party to this action.  Other categories of

10  ATTORNEYS' EYES ONLY information may exist.  From time to time, a producing party may

11  reasonably believe that certain "ATTORNEYS' EYES ONLY" information is particularly

12  sensitive and should not be disclosed to designated in-house counsel of an opposing party.  In

13  such cases, a producing party may designate the information as "OUTSIDE COUNSEL EYES

14  ONLY."  The producing party agrees to designate information as "CONFIDENTIAL,"

15  "ATTORNEYS EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" on a good faith basis

16  and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting

17  the receiving party's access to information concerning the lawsuit.

18       5.5.    Persons Allowed Access to "OUTSIDE COUNSEL EYES ONLY" Material.

19  Except as permitted by further order of this Court or arbitrator or by subsequent written

20  agreement of the producing party, and subject to Paragraph 5.10 below, disclosure of

21  "OUTSIDE COUNSEL EYES ONLY" documents or information, including summaries thereof,

22  but not including documents with the confidential portions redacted, shall be limited to:

23          (a)    The parties' counsel of record or specifically identified outside counsel, associate

24                 attorneys, paralegals and clerical personnel working directly with such counsel on

25                 this litigation;

26

1    (b)    The Court;[1]

2    (c)    Any arbitrator or mediator the parties have selected and who have signed the

3           "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    (d)    Consultants or experts retained by the parties to consult or testify in the case and

5           who have signed the "Acknowledgment and Agreement to Be Bound"

6           (Exhibit A), subject to the terms and conditions of Paragraph 5.8;

7    (e)    Any person that a document, on its face, indicates has previously seen, or has

8           been sent the confidential information, such as authors, drafters, recipients and

9           copyholders of the documents or information;

10   (f)    Court reporters performing necessary duties in this action, who have signed the

11          "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

12   (g)    Professional vendors, e.g. persons or entities requested by counsel to provide

13          litigation support services such as document copying, image scanning, document

14          coding, jury and trial consultants, translation services, demonstrative exhibit

15          preparation, or the creation of any computer database from documents, provided

16          that the service provider signs the "Acknowledgment and Agreement to Be

17          Bound" (Exhibit A), and is instructed by counsel upon the service no longer being

18          needed, to immediately return all originals and destroy all copies of any

19          confidential material.

20   5.6    Persons Allowed Access to "ATTORNEYS EYES ONLY" Material.  Except as

21   permitted by further order of this Court or by subsequent written agreement of the producing

22   party, and subject to Paragraph 5.10 below, disclosure of "ATTORNEYS' EYES ONLY"

23   documents or information, including summaries thereof, but not including documents with the

24   confidential portions redacted, shall be limited to:

25

26   [1] For all purposes herein the term "Court" is broadly defined to include the judges and court
     personnel of the Federal District Court for the Western District of Washington.

(a)    The parties' counsel of record or specifically identified outside counsel and associate attorneys and paralegal and clerical employees working directly with such counsel on this litigation;

(b)    This Court;

(c)    The Arbitrator and his or her staff;

(d)    Consultants or experts retained by the parties to consult or testify in the case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the terms and conditions of Paragraph 5.10;

(e)    Any person that a document, on its face, indicates has previously seen, or has been sent the confidential information, such as authors, drafters, recipients and copyholders of the documents or information;

(f)    Court reporters performing necessary duties in this action, upon executing the form attached hereto as Exhibit A;

(g)    Professional vendors, e.g. persons or entities requested by counsel to provide litigation support services such as document copying, image scanning, document coding, jury and trial consultants, translation services, demonstrative exhibit preparation, or the creation of any computer database from documents, provided that the service provider signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and is instructed by counsel upon the service no longer being needed, to immediately return all originals and destroy all copies of any confidential material; and

(h)    A party's in-house legal department, who are specifically identified by the parties and who agree to abide by the terms of this Order, but only after following the disclosure procedure outlined in paragraph 5.9 below and with the disclosure limited to only that necessary for purposes of the litigation.

1     5.7    Persons Allowed Access to "CONFIDENTIAL" Material.  Disclosure of

2 information designated as "CONFIDENTIAL," including summaries thereof, shall, subject to

3 paragraphs 5.8 and 5.9 below, be limited to:  (a) the person and entities identified in 5.6; (b) in-

4 house counsel (including their paralegals and clerical staff) who have signed the

5 "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (c) witnesses and prospective

6 witnesses who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) to

7 the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue

8 in this litigation, or to assist counsel in performing work in this litigation.  Disclosure of

9 Confidential Information to any expert or consultant shall be limited to that Confidential

10 Information necessary for the witness's preparation to testify.  Witnesses who are provided or

11 shown documents or materials constituting or containing Confidential Information shall not be

12 permitted to retain such documents or materials.

13    5.8    Procedure for Disclosures to Consultants and Experts.  Before disclosure of any

14 information subject to this Protective Order is made to any consultant or expert retained by any

15 party, counsel for the party disclosing the information shall obtain a written affidavit, in the form

16 attached hereto as Exhibit A, from each consultant or expert to whom disclosure is to be made,

17 acknowledging that any document, information, or tangible item that has been designated as

18 confidential is subject to this Protective Order, that the person has read this Protective Order, and

19 that such person agrees to comply with and be bound by this Protective Order.  The affidavits

20 shall be provided to counsel for the producing party ten business days in advance of the first

21 disclosure of any confidential information to such person.  If no objection is made to such person

22 receiving confidential information within such ten (10) business day period, then Confidential

23 Information may be disclosed to such person.  If objection is made, then the party seeking to

24 disclose such information may bring the Court (or arbitrator) the question of whether the

25 particular confidential information may be disclosed to such person, and the party requesting

26 such disclosure shall have the burden of establishing before the Court or the Arbitrator the

1  necessity for such disclosure. All signed affidavits shall be maintained through the conclusion of

2  this action. Confidential Information received by any of the persons in the above-enumerated

3  categories shall be used only for purposes of this litigation and for no other purpose. If a

4  producing party in good faith believes that a consultant or expert is a competitor (or an employee

5  of a competitor) of the producing party, then the producing party, within seven days following

6  the disclosure to its counsel of the consultant's or expert's affidavit, may request the receiving

7  party to provide a curriculum vitae of the person together with the following information:

8      (a)    business address;

9      (b)    business title;

10     (c)    business or profession;

11     (d)    any previous or current relationship (personal or professional) with any of the

12             parties; and

13     (e)    a listing of other cases in which the individual has testified (at trial or deposition),

14             and all companies for which the individual has consulted or been employed by,

15             within the past four years.

16       If, after receiving the requested information, the producing party in good faith concludes

17 that the consultant or expert is a competitor (or the employee of a competitor), the producing

18 party may object to provision of its Confidential Information to the consultant or expert in accord

19 with the procedure set forth in paragraph 6.2 below.

20       5.9    <u>Procedure for Disclosures to Employees, Officers and Directors</u>. If it becomes

21 necessary for counsel for a party to disclose Confidential Information to an employee, officer or

22 director of the party to maintain, defend or evaluate this litigation, counsel for the party

23 disclosing the information shall obtain a written affidavit, in the form attached hereto as Exhibit

24 A, from each such person to whom disclosure is to be made, acknowledging that any document,

25 information, or tangible item that has been designated as confidential is subject to this Protective

26 Order, that the person has read this Protective Order, and that such person agrees to comply with

1 | and be bound by this Protective Order. This disclosure does not include documents or materials
2 | designated "OCEO" or "AEO," unless the disclosing party follows the procedure set forth in
3 | paragraph 5.10. The party's counsel shall retain such affidavit for the duration of the litigation,
4 | but need not disclose it to the counsel for the producing party absent further agreement or a court
5 | order.

6 |     5.10.  <u>Procedure for Disclosures to Other Persons</u>. If it becomes necessary for counsel
7 | for a party receiving "ATTORNEYS EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY"
8 | information to seek the assistance of any other person, other than those referred to in paragraphs
9 | 5.6, 5.7, and 5.8, such as an employee of the receiving party, and to disclose "ATTORNEYS
10 | EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" information to such person in order to
11 | properly prepare this litigation for trial, the following procedures shall be employed:

12 |     (a)    Counsel for the receiving party shall notify, in writing, counsel for the producing
13 | party of their desire to disclose such "ATTORNEYS EYES ONLY" OR
14 | "OUTSIDE COUNSEL EYES ONLY" information and shall identify the
15 | person(s) to whom they intend to make disclosure;

16 |     (b)    If no objection to such disclosure is made by counsel for the producing party
17 | within five (5) business days of receipt of such notification, counsel for the
18 | receiving party shall be free to make such disclosure to the designated person(s);
19 | provided however, that counsel for the receiving party shall serve upon counsel
20 | for the producing party, prior to disclosure, an affidavit in the form attached
21 | hereto as Exhibit A, whereby such person agrees to comply with and be bound by
22 | this Protective Order;

23 |     (c)    If the producing party objects to such disclosure, the parties shall meet and confer
24 | to try to resolve the dispute. If the parties cannot resolve the dispute, the party
25 | wishing to make such disclosure may bring before the Court or Arbitrator the
26 | question of whether the particular "ATTORNEYS' EYES ONLY" or "OUTSIDE

1    COUNSEL EYES ONLY" information can be disclosed to the designated

2    person(s) and the party requesting such disclosure shall have the burden of

3    establishing before the Court or Arbitrator the necessity for such disclosure.

4

5    **6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6    6.1    Timing of Challenges. Any party or non-party may challenge a designation of

7    confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

8    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

9    burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

10   challenge a confidentiality designation by electing not to mount a challenge promptly after the

11   original designation is disclosed.

12   6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

13   regarding confidential designations without court or arbitrator involvement. Any motion

14   regarding confidential designations or for a protective order must include a certification, in the

15   motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and

16   confer conference with other affected parties in an effort to resolve the dispute without court or

17   arbitral action. The certification must list the date, manner, and participants to the conference. A

18   good faith effort to confer requires a face-to-face meeting or a telephone conference.

19   6.3    Judicial Intervention. If the parties cannot resolve a challenge without court or

20   arbitral intervention, the designating party may file and serve a motion to retain confidentiality

21   under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The

22   burden of persuasion in any such motion shall be on the designating party. Frivolous challenges,

23   and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and

24   burdens on other parties) may expose the challenging party to sanctions. All parties shall

25   continue to maintain the material in question as confidential until the court or arbitrator rules on

26   the challenge.

1

2    7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

3

4    If a receiving party is served with a subpoena or a court or arbitral order issued in other

5    litigation that compels disclosure of any information or items designated in this action as

6    "CONFIDENTIAL" by a designating party, that receiving party must:

7        (a)    promptly notify the designating party in writing and include a copy of the

8                subpoena or court or arbitral order;

9        (b)    promptly notify in writing the party who caused the subpoena or order to issue in

10               the other litigation that some or all of the material covered by the subpoena or

11               order is subject to this agreement. Such notification shall include a copy of this

12               agreement; and

13       (c)    cooperate with respect to all reasonable procedures sought to be pursued by the

14               designating party whose confidential material may be affected.

15   8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

16

17   If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

18   material to any person or in any circumstance not authorized under this agreement, the receiving

19   party must immediately (a) notify in writing the designating party of the unauthorized

20   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

21   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

22   this agreement, and (d) request that such person or persons execute the "Acknowledgment and

23   Agreement to Be Bound" that is attached hereto as Exhibit A.

24

25

26

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing/designating party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

## 10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must either return all confidential materials to the producing party, including all copies, extracts and summaries thereof, or destroy all confidential materials including all copies, extracts and summaries thereof, and certify to the producing party that this destruction or return has been done. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, outside counsel are entitled to retain one archival copy of all documents filed with the court or arbitrator, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court or arbitrator orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 8/17/2017 _____          /s/ Darren Feider_____
                                            Attorneys for CBRE, Inc.

1   DATED: 8/17/2017 _____    /s/ David A. Perez _____
                                          Attorneys for Defendant Hughes Seattle,
2                                         Inc.

3

4   DATED: 8/17/2017 _____    /s/ Brad Thoreson _____
                                          Attorneys for Defendants Owen Rice
5                                         Enterprises, Inc., Owen Rice, the Marital
                                          Community of Owen and Bonnie Rice, and
6                                         Gavin Curtis

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

136463198.4

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3  documents in this proceeding shall not, for the purposes of this proceeding or any other

4  proceeding in any other court, constitute a waiver by the producing party of any privilege

5  applicable to those documents, including the attorney-client privilege, attorney work-product

6  protection, or any other privilege or protection recognized by law.

7

8  DATED: Aug. 21, 2017

9

10                                              _____
                                                Robert Lasnik
11                                              United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

136463198.4

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington in the case of

CBRE, Inc. v. Hughes Seattle, Inc., et al., No. 2:17-cv-1127.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I understand that I am to retain all documents or materials designated as or containing

Confidential Information in a secure manner until the completion of my assigned duties in this

matter, whereupon all such documents and materials, including all copies thereof, and any

writings prepared by me containing any Confidential Information, upon instructions by counsel,

are to either be returned to counsel who provided me with such documents and materials or

destroyed.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

136463198.4